UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | Criminal No. 07-10195-RWZ |
| ) | |
| PASCUAL LUNA ) | |

## GOVERNMENT'S PRELIMINARY REQUEST FOR SUMMARY DISMISSAL

The United States of America, by its undersigned counsel, hereby opposes the Amended Petition filed by Pascual Luna under 28 U.S.C. § 2255. For the following reasons, the petition should be summarily denied.

## BACKGROUND

On May 22, 2009 Luna was found guilty of one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1), one count of assaulting a federal officer in violation of 18 U.S.C. §111, and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). On August 26, 2009 this Court sentenced Luna to 240 months in prison. Luna appealed to the First Circuit Court of Appeals, who affirmed his conviction and sentence. On December 11, 2012 Luna filed his initial petition seeking post-conviction relief under 21 U.S.C. § 2255. On January 6, 2014 petitioner filed a supplemental pleading to his initial § 2255, alleging that this court improperly applied the career offender enhancement of the ACCA to his sentence. The Court considered this motion in light of the Supreme Court's decision in <u>Descamps v. United States</u>, 133 S. Ct. 2278 (2013) and granted this supplemental pleading, allowing for resentencing. This Court denied the remaining claims in that motion, all of ineffective assistance of counsel. Luna neither appealed that denial

nor sought permission from a Court of Appeals to filed this second successive § 2255 motion. Petitioner now seeks to "reverse his conviction" and be resentenced subsequent to an evidentiary hearing.

The court should summarily dismiss Luna's petition for reasons: 1) this petition is not timely; 2) petitioner did not receive permission from a Court of Appeals to file this second or successive § 2255 motion; 3) petitioner's new challenges to his sentence are procedurally defaulted; and 4) Luna's Rehaif claim is meritless.

## I. TIMELINESS

A § 2255 motion must be filed within one year of the date on which the judgement of conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner was resentenced on December 18, 2014. There are three other situations that trigger a reset of the one-year deadline, 1) when an impediment to making a motion created by unconstitutional governmental action is removed, 2) when a right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and 3) when facts supporting the claims presented could have been discovered through the exercise of due diligence, or when there are newly discovered facts. 28 U.S.C. § 2255(f)(2)-(4).

As petitioner references no governmental action creating an impediment, no new right recognized by the Supreme Court, and no newly discovered facts, the one-year period of limitations must begin on the date when the judgment of his conviction becomes final. The strongest argument petitioner has is that the court should consider his conviction final on the date of his resentencing, pursuant to a supplement to his initial § 2255 motion, which was filed on December 11, 2012. The supplement was filed on January 6, 2014. This resentencing, however, took place on December 18, 2014, *over four years before the present § 2255 motion*. This

motion was filed three years after petitioner's one-year threshold expired, making it untimely. As such, it must be dismissed.

## II.    CERTIFICATION

Section 2255(h), Title 28, United States Code, states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offence; or 2) a new rule of constitutional law."  Certification from the First Circuit is required for the district court to have jurisdiction to consider a second or successive § 2255 motion.  *See Pratt v. United States,* 129 F.3d 54, 57 (1st Cir. 1997) (failure to obtain pre-clearance strips the district court of jurisdiction). As petitioner did not receive a certificate of appealability, or even file a notice of appeal subsequent to the denial of his initial § 2255 motion, this court must dismiss petitioner's unauthorized second or successive § 2255 petition.

## III.    LUNA'S NEW ARGUMENTS ARE PROCEDURALLY BARRED

The petitioner raises new claims in his amended § 2255 motion, which are procedurally defaulted. See docket entry #267, Amended Petition.  He argues that his trial counsel was ineffective for failing toobject to the career offender designation ("Claim 1"); ineffective for failing to request that the court define of elements of the offense ("Claim 2") ; that trial counsel was ineffective for failing to object to jury instructions that constructively amended or altered the indictment ("Claim 3"); ineffective for failing to properly object at the resentencing ("Claim 4"); and a claim the his conviction should be overturned due to the Rehaif decision ("Claim 5").

Where a defendant has procedurally defaulted a claim by failing to raise it during his criminal case <u>and</u> then on direct appeal, he may raise it in a §2255 petition only if he can first demonstrate both "cause" and "actual prejudice," or by showing that he is "actually innocent." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998); <u>Bucci v. United States</u>, 662 F.3d 18, 28 (1st Cir. 2011). Because there is no suggestion here that Luna was innocent of the offense of conviction, the Court need only deal with "cause" and with "prejudice."

### 1. *Luna cannot establish cause*

In <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986), the Supreme Court explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule" that was violated. "Cause" excusing the failure to raise a legal claim may be demonstrated where "a constitutional claim is so novel that its legal basis is not reasonably available to counsel." <u>See</u> <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984). Novelty in this context requires more than a showing that circuit precedent foreclosed the claim at the time of direct review. *See Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."). The question of whether a claim's "novelty" amounts to cause for failing to raise it on direct review is not "whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986).

Here, Luna offers no rationale for his failure to raise Claim 1 or Claim 2 on appeal or in his initial § 2255 motion. The only reason he gives for failure to raise this claim is that his

appellate counsel was ineffective. There is no suggestion of legal novelty and both matters are historically available on both direct and collateral appeal.

> 2. *Luna cannot establish "actual prejudice," i.e., that his predicate offenses were not "crimes of violence"*

While a lack of cause alone constitutes sufficient grounds for denial of Luna's motion, Luna also has failed to establish actual prejudice. In order to excuse a procedural default, a prisoner must not only demonstrate "cause," but also must demonstrate that he was "actually prejudiced" by the error of which he complains. See Bousley, 523 U.S. at 622; Frady, 456 U.S. at 170. Although the courts have typically eschewed a single definition of "actual prejudice," some guidelines have emerged. First, "actual prejudice" requires more than the mere possibility of prejudice: it requires a showing that the alleged error "worked to [defendant's] *actual* and substantial disadvantage." Frady, 456 U.S. at 170. Second, the "actual prejudice" standard requires the prisoner who files a § 2255 petition to bear a greater burden than he would under the plain-error standard applicable to forfeited claims on direct review. See Frady, 456 U.S. at 166; Ramirez-Burgos v. United States, 673 F.3d 3, 10 (1st Cir. 2012).

A § 2255 motion resting on claims of ineffective assistance of counsel must make the Strickland showings, that counsel's representation fell below an objective standard of reasonableness and that such errors had an adverse effect on the defense, by a preponderance of the evidence. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (citing Strickland v. Washington, 466 U.S. 588 (1984)); Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).

In this § 2255 motion petitioner presents no evidence as to Claim 1-4. While petitioner does include an affidavit with this filing, it addresses only counsel's performance at his sentencing. See Luna Affidavit at 1-10. Claims 1 and 2 involve jury instructions. As petitioner does not make a single mention of his trial aside from his bald assertions of ineffective

5

assistance, petitioner cannot even come close to meeting the Strickland by a preponderance of the evidence. As such, petitioner does not show actual prejudice and thus cannot raise these claims in his § 2255 motion.

### IV. THE REHAIF CLAIM

#### 1. Procedural

The defendant's most recent complaint, Claim 5, raises a claim under Rehaif v. United States, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). See docket entry #267, Amended Petition. In particular, the defendant contends that Rehaif applies to his May 1, 2007 possession of a firearm conviction by a felon and subsequent conviction on May 22, 2009. See Presentence Report ("PSR") at paragraphs 1-4. He goes on to state that since there was no trial evidence establishing his knowledge that he had been previously convicted of a crime punishable by a term exceeding one year, his conviction should be overturned. See docket entry #267, p. 9. This claim, like the others before it falls flat. Defendants, like Luna, who have already litigated a Section 2255 motion and now seek to file a second motion raising a Rehaif-related claim are barred from doing so by 28 U.S.C. § 2255(h). That provision permits "second or successive motion[s]" only when they have been "certified * * * by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence * * * ; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." A new decision of statutory interpretation, even one that narrows the meaning of a substantive federal statute, does not satisfy Section 2255(h)(2). See, e.g., Triestman v. United States, 124 F.3d 361, 371-372 (2d Cir. 1997) (Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995), narrowly interpreting 18 U.S.C. § 924(c), "did not rely on a new rule of constitutional law."); In re Jackson, 776 F.3d 292, 294-296 (5th Cir. 2015) (per curiam) (same as to claims arising under Begay v.

United States, 553 U.S. 137 (2008); Johnson v. United States, 559 U.S. 133 (2010), and Descamps v. United States, 570 U.S. 254 (2013)).  The Rehaif claim, like the other claims raised, is procedurally barred on these grounds.[1]

### 2. Harmless Error

The defendant bears the burden of establishing error on collateral review.  In re Moore, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases); Stanley v. United States, 827 F.3d 562, 566 (7th Cir. 2016).  To obtain relief under Section 2255, a defendant must identify "fundamental defects" that inherently result in a "complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."  Hill v. United States, 368 U.S. 424, 428 (1962).  Where, in a timely first Section 2255 motion, a defendant raises a knowledge-of-status objection that he preserved in the district court and on direct appeal, the defendant must nevertheless carry his burden of demonstrating that the error had a "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993).  Accord, e.g., United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003); Ellis v. United States, 313 F.3d 636, 644 (1st Cir. 2002); Ross v. United States, 289 F.3d 677, 682 (11th Cir. 2002); Murr v. United States, 200 F.3d 895, 906 (6th Cir. 2000).  Where evidence exists from which a rational juror could have inferred that a defendant knew of his status at the time of his possession, the

---

[1] The defendant's Rehaif claim is also defeated because it is time-barred.  See infra.

omission of that element did not have a "substantial or injurious effect" on the outcome of the proceedings below.

Here the evidence would have clearly established Luna's knowledge of his prohibited status since he had numerous convictions that would have provided the requisite knowledge, discussed below.

Rehaif stands for the proposition that 18 U.S.C. § 922(g), which makes it a crime for certain persons to possess firearms, and § 924(a)(2), which states that any person who "knowingly violates" 18 U.S.C. § 922(g) may be imprisoned for up to ten years, require the government to prove not only that the defendant knew that he possessed a firearm, but also that he was prohibited from possessing a firearm when he possessed the firearm. 139 S. Ct. 2191, 204 L. Ed. 2d 594.  In applying Rehaif, the circuit courts have interpreted the scienter requirement with respect to the defendant's prohibited status to require only that the defendant knew of the facts that led to his prohibited status. See United States v. Denson, 774 F. App'x 184, 185 (5th Cir. 2019) (finding the scienter requirement likely to be satisfied where the defendant signed a presentence investigation report that stated he "admitted he knowingly possessed the ... firearm and had previously been convicted of felony offenses" and referenced a prior felony drug offense); etc.

Recently, the First Circuit in Burghardt, in line with the application of Rehaif by other circuit courts, found that the scienter requirement regarding the defendant's knowledge of his prohibited status was likely to be satisfied given evidence that the defendant had knowledge of the facts that caused his prohibited status was all that is required. United States v. Burghardt, No. 18-1767, 2019 WL 4877427.   Specifically, the court found the scienter requirement would probably be satisfied given that the defendant had in the past pled guilty to offenses punishable

by a term of imprisonment beyond a year, New Hampshire law required judges to communicate the maximum possible sentence to defendants when defendants enter a guilty plea, and the defendant had received two to ten years in state prison, seven years and six months to fifteen years in state prison, and two to five years in state prison for past offenses. Id.  None of these considerations touched on whether the defendant knew that these facts would render him per 18 U.S.C. § 922(g) a prohibited person.

The evidence against Luna meets this requirement.  Luna was convicted in 1995 of Assault by Means of a Dangerous Weapon and received a 2 ½ years in jail sentence with 1 year to be served and the balance (18 months) suspended and probation.  PSR at paragraph 67.  He later violated his probation and received an additional 18 months in jail. Id.  The conviction alone provides the necessary knowledge of Rehaif since the sentence exceeded 1 year in jail.  However, with Luna there's more.  In 2005, he was also convicted of Assault and Battery on a Police Officer and Resisting Arrest (multiple counts). Id. at paragraph 65.  He was sentenced on both charges to 2 years in jail with 6 months to be served and the balance suspended and probation. Id.  These convictions, and the sentences imposed that were more than 1 year in jail, provide direct evidence of Luna's knowledge of his prohibited status when he illegally possessed the firearm on May 1, 2007 that led to the federal charges and later conviction.  Accordingly, the defendant's motion should be denied. See, e.g., United States v. Hollingshed, No. 17-2951, 2019 WL 4864969 (8th Cir. Oct. 3, 2019) (finding the scienter requirement likely to be satisfied where the defendant pled guilty to possession with intent to distribute cocaine previously, was sentenced to 78 months' imprisonment, and was imprisoned for nearly four years before he began his supervised release).  Accordingly, Luna cannot make the requisite showing of a

"substantial or injurious effect" and hi petition should be denied. See <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-638 (1993).

## CONCLUSION

For all of the foregoing reasons, Luna's Petition under 28 U.S.C. § 2255 should be summarily dismissed. Should the Court conclude that the foregoing is not dispositive of Luna's claims, the government respectfully requests that the Court set a briefing schedule so that the balance of the issues raised by Luna's 2255 can be addressed.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   s/ Glenn MacKinlay
      GLENN A. MACKINLAY
      Assistant U.S. Attorney
      One Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3215

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF), and to the defendant at:

> Pascual Luna
> Register # 26508-038
> USP Lee
> U.S. Penitentiary
> P.O. Box 305
> Jonesville, VA 24263

> s/ Glenn MacKinlay
> GLENN A. MACKINLAY
> Assistant United States Attorney

Dated:  November 26, 2019