UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 07-CR-10195-RWZ

UNITED STATES OF AMERICA

v.

PASCUAL LUNA

MEMORANDUM & ORDER

June 8, 2021

ZOBEL, S.D.J.

Petitioner Pascual Luna moves for collateral relief pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255. Docket ## 240, 272. He raises five grounds for relief. The Government moves for summary dismissal. Docket # 273.

I.  **Background**

On May 22, 2009, a jury found petitioner guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count I); assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. § 111 (Count II); and using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count III). On August 26, 2009, he was sentenced to 25 years imprisonment.[1] At the time of sentencing, petitioner had a criminal record

---

[1] He was sentenced to 15 years imprisonment on Count I; 3 years on Count II, to be served concurrently with Count I; and 10 years imprisonment on Count III, to be served consecutively to the sentence on Count I.

1

that qualified him as both an armed career criminal[2] and a career offender.[3] He subsequently filed a petition under 28 U.S.C. § 2255 based on several ineffective assistance of counsel claims, which was denied. He also presented a supplemental petition for resentencing, which was allowed, because two of the prior convictions that served as predicates to his armed career criminal status had been vacated by the state court. Docket # 211. On December 18, 2014, petitioner was resentenced to imprisonment for a total of 20 years.[4]

Nonetheless, the matter is again before me on a new petition under 28 U.S.C. § 2255, Docket # 240. It again claims ineffective assistance of counsel, this time for failure to (1) object to and challenge the career offender enhancement at the resentencing; (2) request that the court define the elements of the offense to the jury; (3) object to jury instructions that, he argues, constructively amended or altered the indictment; and (4) object to an increased penalty on Count II and ineffective assistance of appellate counsel for failure to raise the challenge on direct appeal.

While petitioner's § 2255 motion was pending, the Supreme Court issued a decision in Rehaif v. United States, 139 S. Ct. 2191 (2019) ("Rehaif"), which held that, to sustain an 18 U.S.C. § 922(g)(1) offense, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. Petitioner

---

[2] See 18 U.S.C. § 924(e); see also U.S. Sentencing Guidelines Manual § 4B1.4 (U.S. Sentencing Comm'n 2008).
[3] See U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2008).
[4] He was resentenced to a term of imprisonment of 10 years on Counts I and II, to be served concurrently, and 10 years on Count III to be served consecutively to the sentence on Counts I and II.

2

amended[5] the instant § 2255 motion to add a Rehaif challenge to his § 922(g)(1) conviction. The Government moves for summary dismissal on all claims, Docket # 273.

## II. Discussion[6]

### a. Ineffective assistance of counsel for failure to object and challenge the career offender enhancement at resentencing (Ground One)

Petitioner argues that his counsel at resentencing was ineffective for conceding that he was a career offender. He asserts that the predicate offenses, assault and battery on a police officer and assault with a dangerous weapon, are not crimes of violence under the career offender guidelines. The Government produced certified copies of the convictions, but petitioner insists that was not enough. He says that Shepard v. United States required the Government to marshal additional documentation and if produced would have shown that he was not a career offender. 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring).

To prevail on an ineffective assistance of counsel claim, petitioner must show (1) deficient performance of counsel and (2) resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, he bears the burden to show that "counsel's representation fell below an objective standard of reasonableness," judged by reference to "prevailing professional norms" and "viewed as of the time of counsel's

---

[5] Petitioner initially amended his habeas petition with the assistance of counsel, Docket # 267, but then asked to strike counsel's Rehaif argument and continue pro se. Docket # 272. I therefore consider only petitioner's pro se Rehaif argument. Docket # 272.

[6] The Government argues that all of petitioner's claims should be dismissed because they are time barred. A motion pursuant to 28 U.S.C. § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); see Clay v. United States, 537 U.S. 522, 527 (2003) (recognizing that finality for postconviction relief occurs when the Supreme Court affirms a conviction on the merits or denies a petition for a writ of certiorari). Petitioner was resentenced on December 18, 2014. He appealed to the First Circuit Court of Appeals, which affirmed the conviction and sentence on September 6, 2017. The judgment became final when the Supreme Court denied certiorari on January 8, 2018. Petitioner filed the instant motion on December 31, 2018. Thus, his petition is timely.

conduct." Id. at 687-90. Under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[A] reviewing court need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007).[7]

An attorney's representation may be deficient if she fails to object to an improper application of the sentencing guidelines. See, e.g., United States v. Winbush, 922 F.3d 227, 231 (4th Cir. 2019). Resentencing counsel did, however, preserve petitioner's objection to the use of the underlying convictions as career offender predicates. Def.'s Sentencing Mem. at 7 n.1, Docket # 225. Nonetheless, counsel shifted gears at resentencing and instead offered a thoughtful argument urging the court to disregard the career offender guidelines altogether. She explained that the career offender designation did not adequately reflect petitioner's criminal history because he had only served six months imprisonment on the assault and battery cases and twelve months on the assault with a dangerous weapon charge. She argued that the aggravated assault guideline contained various enhancements designed to capture the range of conduct committed by the defendant and was therefore sufficient, but not greater than necessary, to accomplish the sentencing goals of 18 U.S.C. § 3553(a). Resentencing counsel's argument for an alternative guideline range, while preserving petitioner's objections regarding the use of the prior offenses, was clearly a strategic decision. The

---

[7] The Government argues that this court lacks jurisdiction to review the habeas claims because Luna failed to obtain certification from the First Circuit for a second or successive petition pursuant to 28 U.S.C. § 2255(h). The strictures of § 2255(h) are inapplicable to the resentencing claims because "a numerically second habeas petition is not 'second or successive' if it attacks a different criminal judgment." Pratt v. United States, 129 F.3d 54, 60, 62-63 (1st Cir. 1997).

4

approach was reasonable given the tenuous case law supporting Luna's position and this court's finding at the initial sentencing that petitioner was a career offender.

In addition, petitioner cannot show prejudice. The First Circuit examined Luna's arguments on appeal from the second judgment and held that his prior convictions were correctly counted as crimes of violence for the purposes of the advisory sentencing guidelines. Docket # 236.

> b. Ineffective assistance of counsel for failure to request that the court define the elements of the offense to the jury (Ground Two) and failure to object to jury instructions that, petitioner argues, constructively amended or altered the indictment (Ground Three)

Petitioner's claims of ineffective assistance of trial counsel were available at the time of his first habeas petition. "A prisoner who had both the incentive and the ability to raise a particular claim in his first petition for post-conviction relief, but declined to assert it, cannot raise it the second time around." Pratt, 129 F.3d at 62. Claims two and three are therefore denied.

> c. Ineffective assistance of counsel for failure to object to an increased penalty on Count II and ineffective assistance of appellate counsel for failure to raise the challenge on direct appeal (Ground Four)

Petitioner makes several arguments under the heading of Ground Four: ineffective assistance of counsel for failure to (1) object to an increased sentence on Count II; (2) object to the court's jurisdiction over the 18 U.S.C. § 924(c) charge; and (3) challenge the multiplicitous indictment. Petitioner previously raised the § 924(c) and multiplicitous arguments in his prior habeas motion, Docket # 179, and this court determined that the challenges were meritless. Docket # 211. Accordingly, these repeated claims are again denied.

I turn now to the remaining argument under Ground Four. The initial sentence was a period of imprisonment of 15 years on Count I and 3 years on Count II, to be served concurrently with Count I. At resentencing, the court imposed "a term of imprisonment of 10 years on Counts I and II, to be served concurrently with each other." Resentencing Tr. at 26:20-22, Docket # 233. Petitioner argues that the increase in sentence on Count II may have been vindictive and therefore in violation of the Double Jeopardy Clause of the Fifth Amendment. He cites North Carolina v. Pearce, 395 U.S. 711, 726 (1969), which states that "a judge [who] imposes a more severe sentence upon a defendant" must articulate "the factual data upon which the increased sentence is based [and make it] part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

Pearce is inapposite. In that case, the Supreme Court admonished that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Pearce, 395 U.S. at 725 (emphasis added). Here, the additional sentence on Count II did not follow a new trial. In any event, the Supreme Court overturned Pearce and held that "the burden remains upon the defendant to prove [that the increase in sentence is the product of] actual vindictiveness." Alabama v. Smith, 490 U.S. 794, 799 (1989). Luna offers no evidence that this court increased his sentence on Count II with ill-will. To the contrary, the guideline range at resentencing authorized a sentence of over 31 years, and this court reduced petitioner's total sentence from 25 years to 20. Resentencing and appellate counsel's failure to raise this issue does not constitute ineffective assistance of counsel. Nor can petitioner show prejudice. No lesser sentence would have resulted

6

from counsel's objection because the sentence imposed on Count II was concurrent with that on Count I.

### d. The 18 U.S.C. § 922(g)(1) conviction is invalid pursuant to Rehaif (Ground Five)

Petitioner moves to vacate his conviction for the violation of 18 U.S.C. § 922(g)(1). He asserts that his Rehaif claim is properly before this court pursuant to 28 U.S.C. § 2255(f)(3), which states that a one-year limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Even though § 2255(f)(3) triggered a one-year period for post-conviction Rehaif claims, the gatekeeping requirements of § 2255(h) still hold. That is, if a petitioner's Rehaif claim is his second § 2255 motion for relief from conviction, the second petition must be certified by the appropriate court of appeals to contain either newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review. There is no dispute that petitioner did not obtain such a certification from the First Circuit. Nonetheless, he maintains that the second and successive requirements do not apply because this is his first motion for post-conviction relief after his resentencing. He is correct only insofar as he raises issues with the resentencing; it does not give him carte blanche to challenge the underlying conviction. See supra note 7.

A district court confronting a successive § 2255 petition can either dismiss it or transfer it to the appropriate court of appeals for certification if it has merit. See United States v. Rodriguez, No. CV 4:14-40042-TSH, 2021 WL 847994, at *2 (D. Mass. Mar. 5, 2021) (citing Pratt, 129 F.3d at 57-58). The circuit courts to opine on the issue have

7

held that Rehaif does not trigger successive § 2255 petitions because it announced a new rule of statutory interpretation, not a new rule of constitutional law. See id. at *3 (collecting cases from the Second, Third, Sixth, and Eleventh Circuits). Indeed, petitioner's pro se amendment, Docket # 272, and his reply to the Government's motion for summary dismissal, Docket # 275, stand firm in the view that "Rehaif involved a statutory interpretation and not a new rule of constitutional law." Thus, even were this court to transfer the petition to the First Circuit, certification would be unlikely; therefore, the Rehaif claim is denied.

### III. Conclusion

The motion to vacate (Docket # 240) is DENIED. The request for a docket sheet (Docket # 262) is ALLOWED. The Clerk of Court shall send petitioner a copy of the docket sheet.

The denial of the resentencing claims (Ground One and, in part, Ground Four) is based on my determination that petitioner's attorneys delivered zealous representation at resentencing and on appeal. Reasonable minds may differ. In addition, the First Circuit may disagree with other circuit courts and hold that Rehaif enables successive § 2255 petitions (Ground Five). Accordingly, a certificate of appealability is hereby issued with respect to the resentencing claims and the Rehaif claim.

June 8, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE